*E-Filed 6/13/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D. OTTINGER, | No. C 11-1813 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **DISMISSING PETITION WITH LEAVE TO AMEND** |
| JAMES D. HARTLEY, | **INSTRUCTIONS TO CLERK** |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition was dismissed when petitioner failed to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the filing fee of $5.00, by a required date. Petitioner has now filed a complete IFP application. Accordingly, the action is hereby REOPENED. The order of dismissal (Docket No. 9) and the judgment (Docket No. 10) are hereby VACATED. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, petitioner was convicted of an unnamed offense in 2003 in Santa Clara County, and sentenced to eight years in state prison.  The petition fails to specify what crime or crimes petitioner was convicted of, or what judicial relief he pursued after his conviction(s).

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition (A) fails to state grounds for federal habeas relief, and (B) may be barred.  As to (A), petitioner's sole claim is that he was not advised at his probation report interview of his right to have counsel present.  Petitioner has not shown that there is a federal constitutional right to be so advised, or to have counsel present, at such a proceeding.

As to (B), the petition may be barred by AEDPA's statute of limitations.  Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C.

§ 2244(d)(1). Petitioner was convicted in 2003, and he filed the instant petition in 2011, well more than a year after his conviction. Therefore, on its face, the petition appears untimely. Petitioner may be entitled to tolling if he pursued judicial relief after he was convicted, or if the one-year statute of limitations started later than 2003 for some legally sufficient reason. The petition, however, fails to provide clear details of any relief petitioner pursued, or any reason the statute of limitations did not start in 2003. Petitioner must provide sufficient details of what relief he pursued, if any, including the courts to which he applied for relief, the dates on which he filed for relief, and the dates on which the courts rendered their decisions.

Also as to (2), petitioner has not shown that he has exhausted his claim prior to filing the instant petition. Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Accordingly, the petition is DISMISSED with leave to amend. Petitioner shall file an amended petition addressing the concerns detailed above within 30 days from the date this order is filed. More specifically, in addition to providing specific details about his 2003 conviction, petitioner must show that (1) he has a federal constitutional right to counsel at a probation interview proceeding and to be informed of such right; (2) the petition is timely under AEDPA; and (3) he exhausted his claim in state court prior to filing the instant habeas petition.

The first amended petition must include the caption and civil case number used in this order (11-01813 RS (PR)) and the words FIRST AMENDED PETITION on the first page.

1  Because an amended petition completely replaces the previous petitions, petitioner must
2  include in his first amended petition <u>all</u> the claims he wishes to present.  Petitioner may <u>not</u>
3  incorporate material from the prior petition by reference.  Failure to file an amended petition
4  in accordance with this order will result in dismissal of this action without further notice to
5  petitioner.

6  Petitioner's motion to proceed IFP (Docket No. 11) is GRANTED.  The Clerk is
7  directed to reopen this action.

8  **IT IS SO ORDERED**.

9  DATED: June 13, 2011

_____
RICHARD SEEBORG
United States District Judge