*E-Filed 11/23/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D. OTTINGER, | No. C 11-1813 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

# INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons discussed herein, respondent's unopposed motion to dismiss the petition as untimely (Docket No. 17) is GRANTED. The petition is DISMISSED.

# DISCUSSION

**A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within

one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.     Timeliness of the Petition**

The following facts are undisputed. Petitioner was sentenced on December 5, 2003 in the Santa Clara Superior Court. The state appellate court affirmed his conviction on January 21, 2005. Petitioner did not appeal his conviction to the state supreme court. Therefore, his conviction became final on March 22, 2005, that is, 60 days after his sentence was affirmed. *See* Cal. Rule of Court 8.308(a). Petitioner, then, had until March 23, 2006 to file a timely federal habeas petition. The instant petition was filed on March 7, 2011, well after the March 2006 deadline. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations.

**1.     Statutory Tolling**

Petitioner filed his first post-appellate decision document on November 7, 2008, which was a motion for a modification of his sentence. This motion was denied by the superior and appellate courts, whose decisions were not appealed to the state supreme court. Petitioner filed a habeas petition with the state supreme court on November 4, 2010, which that court denied as untimely in December 2010.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year

limitations period. *See* § 2244(d)(2). Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, such as the May 1, 2009 state habeas petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Petitioner's first filing after the state appellate court rendered its decision on direct review was filed on November 7, 2010, which was well after the March 23, 2006 deadline. Because the limitations period expired prior to the filing of what might be construed as the first state habeas petition, petitioner is not entitled to statutory tolling. Accordingly, absent equitable tolling, the petition is untimely and must be dismissed.

**2. Equitable Tolling**

Petitioner has not filed an opposition, and therefore he has not provided any basis on which equitable tolling can be granted. Accordingly, the motion to dismiss will be granted.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Docket No. 17) is GRANTED. Accordingly, the petition is DISMISSED. Judgment will be entered in favor of respondent. A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 17, and close the file.

**IT IS SO ORDERED**.

DATED: November 23, 2011

RICHARD SEEBORG
United States District Judge